UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD ZEBROWSKI[1],

           Petitioner,

      V.

MICHAEL J. GAINES, Chairman of the
U.S. Parole Board Comission;
WARDEN, F.C.I. Ray Brook,

           Respondent.

**ORDER**

05-CV-1287
(LEK /VEB)

## I. INTRODUCTION

Petitioner Ronald Zebrowski, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In 1997, Petitioner was convicted of Continuing Criminal Enterprise, in violation of 21 U.S.C. §848. Petitioner challenges a disciplinary hearing conducted at the Federal Correctional Institution in Ray Brook, New York in 2004. Petitioner does not assert any challenge to his underlying conviction.

This matter was referred to this Court by the Honorable Norman A. Mordue, Chief United States District Judge, on June 16, 2008, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 7).

---

[1] The docket lists the spelling of Petitioner's name as Ronald "Zembroski" under prisoner number 34162-083. In his petition, Petitioner spells his name several different ways, "Zembroski," "Zembrowski," and "Zembowski." (Docket No. 1). However, the Federal Bureau of Prisons' website lists Petitioner's name as Ronald "Zebrowski" under the same prisoner number of 34162-083. (See www.bop.gov ). The "Zebrowski"spelling is also consistent with the spelling of Petitioner's name on his Federal Judgment and Commitment Order. It may be the case that someone, other than Petitioner prepared his petition and misspelled his name. Therefore, for consistency purposes, this Court directs the clerk of the court to change the spelling of Petitioner's name on the docket to be consistent with the spelling used by the BOP, "Zebrowski."

## II. REPORT AND RECOMMENDATION

When Petitioner commenced these proceedings, he was incarcerated in a Federal Correctional Institution ("FCI") at Ray Brook, New York. (Docket No. 1). Since that time, Petitioner has not notified this Court of any change of address. However, according to the official court docket, a June 16, 2008 Order sent by the Court to Petitioner was returned by the United States Postal Service as "undeliverable." (Docket No 8). Petitioner's failure to keep the Court informed of his current address is a violation of Rule 10.1(b) of the Local Rules of Civil Procedure and serves as a basis to dismiss the Petition pursuant to Local Rule 41.2(b).

Local Rule 10.1(b) states that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." Moreover, Local Rule 41.2(b) specifically provides that failure to notify the Court of an address change pursuant to Rule 10.1(b) "may result in the dismissal of any pending action."

It is well-settled that "[n]otification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions." Bourdon v. Walker, 453 F.Supp.2d 594 (N.D.N.Y.2006) (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, D.J.)).

Accordingly, by Order dated July 23, 2008, this Court directed Petitioner to comply with Local Rule 10.1(b) and provide this Court with his current address within fifteen (15) days of the date of the Order or the Petition would be dismissed pursuant to Local Rule 41.2(b). (Docket No. 9). A review of the federal Bureau of Prisons website indicated that Petitioner was transferred to the Federal Correctional Institution located in Tucson,

Arizona, as such, the Court's July 23, 2008 order was mailed to Petitioner in Arizona. Eighteen (18) days have passed since the date of the Order and Petitioner has failed to provide this Court with his current address or otherwise respond to the Order.  Further, this Court notes that the July 23, 2008 order sent to Petitioner in Arizona was not returned as "undeliverable".   As such, the Court concludes that Petitioner received this Court's order directing compliance with the local rule, and does not wish to continue with these proceedings.

Therefore, as a result of Petitioner's failure to furnish the Court with a current address the Petition should be DISMISSED with prejudice pursuant to Local Rule 41.2(b). See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998); Walker, 453 F.Supp.2d 594; Green v. Rabideau, 2007 WL 499621, *4 (N.D.N.Y. February 13, 2007).

## IV. CONCLUSION

For the reasons stated above, the Court recommends Ronald Zebrowski's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

3

DATED:      August 11, 2008

                Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

August 11, 2008

_____
Victor E. Bianchini
United States Magistrate Judge